# EXHIBIT 1

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Publix Super Markets, Inc.
Merriann Metz General Counsel & Secretary
Publix Super Markets Inc.
3300 Publix Corporate Parkway
Lakeland FL 33811

08/27/2020

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2020-4123

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| # | Field | Value |
|---|---|---|
| 1. | Entity Served: | Publix Super Markets, Inc. |
| 2. | Title of Action: | Nancy Hubbard vs. Publix Supermarkets, Inc. |
| 3. | Document(s) Served: | Circuit Court Summons / Complaint |
| 4. | Court/Agency: | Sumner County Circuit Court |
| 5. | State Served: | Tennessee |
| 6. | Case Number: | 83CC1-2020-CV-739 |
| 7. | Case Type: | Negligence/Personal Injury |
| 8. | Method of Service: | Certified Mail |
| 9. | Date Received: | Wednesday 08/26/2020 |
| 10. | Date to Client: | Thursday 08/27/2020 |
| 11. | # Days When Answer Due: / Answer Due Date: | 30 / Friday 09/25/2020 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender: (Name, City, State, and Phone Number) | Zachary C. Smith, Hendersonville, TN, 615-425-2500 |
| 13. | Shipped To Client By: | Regular Mail and Email with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 431 |
| 16. | Notes: | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408 Tel: (561) 694-8107 Fax: (561) 694-1639
www.CorporateCreations.com

Case 3:20-cv-00814  Document 1-1  Filed 09/22/20  Page 2 of 11 PageID #: 5

## STATE OF TENNESSEE
## SUMNER COUNTY
## 18TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

**NANCY HUBBARD**

Plaintiff

Vs.

**PUBLIX SUPERMARKETS, INC.**
205 Powell Place
Brentwood, Tennessee 37027-7522

Defendants

CIVIL ACTION DOCKET NO.

83CC1 - 20 20 - CV- 739

Method of Service:
☐ Sumner County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☒ Certified Mail
☐ Personal Service

ORIGINAL

To the above named Defendant: Publix Supermarkets, Inc., through Corporate Creations Network, Inc., at 205 Powell Place, Brentwood, Tennessee 37027-7522.

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 101 Public Square, Gallatin, TN 37066, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 8/20/2020

**KATHRYN STRONG**
Circuit Court Clerk
Sumner County, Tennessee

By: *MBush*
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | ZACHARY C. SMITH, ESQ. |
| or | 475 SAUNDERSVILLE RD. |
| PLAINTIFF'S ADDRESS | Address<br>HENDERSONVILLE, TN 37075 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**KATHRYN STRONG**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**SHERIFF**

ADA FOR ASSISTANCE CALL 615-451-6023

If you have a disability and require assistance, please contact 452-4367.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20____, I:

[  ] served this summons and complaint/petition on _____

_____ in the following manner:

[  ] failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket No. _____ to the defendant, _____. On the _____ day of _____ 20____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE
**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF SUMNER

I, Katherine Strong, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

Katherine Strong, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.



# IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE
## AT GALLATIN

| | |
|---|---|
| NANCY HUBBARD, | ) |
| Plaintiff, | ) |
| | ) Case No. 83CC1-20_20_-CV-_739_ |
| v. | ) |
| | ) JURY DEMAND |
| PUBLIX SUPER MARKETS, INC., | ) |
| Defendant. | ) |

FILED
10:00 A M
AUG 2 0 2020
KATHRYN STRONG, CLERK
BY _____ Aw D.C.

## COMPLAINT

Comes now the Plaintiff, Nancy Hubbard, by counsel, and for her cause of action against the Defendant would show unto the Court as follows:

1. The Plaintiff, Nancy Hubbard, is a citizen and resident of Sumner County, Tennessee.

2. The Defendant, Publix Super Markets, Inc., (Hereinafter referred to as "Publix"), is a for-profit corporation doing business in Tennessee. Defendant Publix Super Markets, Inc., may be served with process through its registered agent, Corporate Creations Network, Inc., at 205 Powell Place, Brentwood, Tennessee, 37027-7522.

3. The Defendant, Publix Super Markets, Inc., owns, operates, manages, and controls several Publix Super Markets, including the Publix location at 110 Indian Lake Blvd. Hendersonville, Sumner County, Tennessee, 37075.

4. Jurisdiction and venue are proper in this Court.

5. Mrs. Hubbard's action arises under and by virtue of the laws of the State of Tennessee for the injuries and damages she sustained as the direct and proximate result of bodily injuries suffered by Mrs. Hubbard from an incident that occurred on or about October 21, 2019, at

1

the Defendant's property and premises located at 110 Indian Lake Blvd. Hendersonville, Sumner County, Tennessee, 37075, and known and hereinafter identified as "Publix."

6. This is a premises liability action for personal injuries sustained by Mrs. Hubbard on October 21, 2019, at Publix, located at 110 Indian Lake Blvd. Hendersonville, Sumner County, Tennessee, 37075, which is owned, operated, managed and/or controlled by the Defendant.

7. Mrs. Hubbard avers that the Defendant owns, operates, manages and controls the Publix located at 110 Indian Lake Blvd. Hendersonville, Sumner County, Tennessee, 37075.

8. At all times relevant to Mrs. Hubbard's action, the Publix property and premises was operated by the Defendant as Super Market/Grocery Store to which the public, including Mrs. Hubbard, was invited to enter and remain for purposes connected with the Defendant's business.

9. At all times relevant to Mrs. Hubbard's action, the Defendant had the duty to exercise the requisite degree of care to maintain the Publix premises in a reasonably safe condition for its customers, including Mrs. Hubbard.

10. On October 21, 2019, Mrs. Hubbard was a customer at the Publix in Hendersonville to shop.

11. As Mrs. Hubbard was walking through the meat section of the Publix premises, she slipped and fell on the floor due water or other substance on the floor.

12. The Defendant had notice of the dangerous condition and failed to take necessary steps to clean up the liquid on the floor or warn patrons such as the Plaintiff of the dangerous condition.

13. At all times relevant to Mrs. Hubbard's action, the Defendant caused or knew or should have known that the aforementioned water or other foreign substance was present on the

2

floor of the premises and that it constituted a dangerous slipping hazard.

14. The Defendant negligently failed to take the reasonable steps necessary to maintain the floor of the premises so as to keep it free from hazardous and unreasonably dangerous conditions.

15. Ms. Hubbard did not have proper notice of the dangerous condition because there was no wet floor sign in plain sight of customers entering the store.

16. There were not adequate markings or warnings of the hazard.

17. The employees of the Defendant negligently failed to prevent, correct, and/or warn of the dangerous condition caused by the liquid on the floor.

18. At all times relevant to Mrs. Hubbard's action, the Defendant acted by and through their authorized agents, ostensible agents, servants, employees, and/or other representatives. The doctrine of *respondeat superior* applies to the Defendant for the negligent acts or failure to act of their authorized agents, ostensible agents, servants, employees, and/or other representatives. Defendant authorized and/or ratified the tortious conduct of their authorized agents, ostensible agents, servants, employees, and/or other representatives or should have anticipated that such tortious conduct would occur.

19. The Defendant's failure to properly maintain the floor of the premises and their failure to warn Mrs. Hubbard of the aforementioned unreasonably dangerous and hazardous condition were substantial factors in causing Mrs. Hubbard's fall, injuries, and damages.

20. The floor was naturally reflective, causing customers such as Mrs. Hubbard to be unable to recognize potential hazards such as excessive water or other liquids on the floor.

21. The Defendant and its employees negligently failed to take reasonable steps to

3

protect customers, including Ms. Hubbard, from the dangerous condition of water or other liquid substance on the floor by failing to:

   a. Keep the floor dry to where customers did not slip;

   b. Take steps to prevent excessive water or other liquids from entering the store; and

   c. Take remedial measures in drying the floor after excessive water or liquids amassed on the floor before customers entered the area.

22.   Defendant knew or should have known of the hazard and taken steps to prevent incidents such as this.

23.   Defendant had actual knowledge of the hazard prior to Mrs. Hubbard's fall.

24.   Mrs. Hubbard sustained numerous injuries as a result of this fall including but not limited to injuries to her left arm.

25.   Due to the pain and discomfort she experienced after her fall, Mrs. Hubbard was compelled to seek significant medical treatment. Ms. Hubbard has had a lengthy and painful recovery process.

26.   At all times material, Mrs. Hubbard exercised ordinary care for her own safety. The aforementioned hazardous and unreasonably dangerous condition on the premises was not obvious and/or known to Mrs. Hubbard prior to her fall.

27.   At all times material. Defendant owned, operated, and/or maintained the Publix Super Market/Grocery Store located at 110 Indian Lake Blvd. Hendersonville, Sumner County, Tennessee, 37075.

28.   At all times material, Defendant negligently maintained and negligently failed to inspect the Publix premises located at 110 Indian Lake Blvd. Hendersonville, Sumner County,

4

Tennessee, 37075.

29. Defendant created the dangerous condition by failing to adequately mark or warn customers of the danger.

30. The wet floor was difficult to see which constituted a latent and/or hidden danger.

31. Defendant had a duty to inform and/or warn Mrs. Hubbard and others of the unsafe and/or dangerous condition before she fell.

32. Defendant knew or reasonably should have known that the wet floor constituted an unsafe and/or dangerous condition well before Mrs. Hubbard fell. Defendant had actual and/or constructive notice of the hazard.

33. Mrs. Hubbard alleges that all of her injuries, losses and damages were directly and proximately caused by the negligence of Defendant.

34. As a result of Defendant's negligence, Mrs. Hubbard suffered harms and losses. Those harms and losses include, but are not limited to:

   a. Serious past pain and suffering;

   b. Serious past mental anguish;

   c. Serious future pain and suffering;

   d. Serious future mental anguish;

   e. Loss of enjoyment of life;

   f. Diminished capacity for enjoyment of life; and

   g. Permanent disability and impairments.

35. Because of the medical care services supplied, therapy required and treatment of Mrs. Hubbard, she has incurred medical expenses.

36. Defendant is one-hundred percent (100%) responsible for Mrs. Hubbard's injuries.

37. Defendant is responsible for the negligent acts or omissions of their employees through the agency doctrine and doctrine of *Respondeat Superior*.

38. Defendant, Publix Super Markets, Inc., has been properly served with process.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. For a judgment against the Defendant for compensatory damages in an amount to be determined by the jury in this cause sufficient to adequately compensate the Plaintiff for her injuries and losses, not to exceed $100,000.00.

2. For costs of this matter to be taxed to the Defendant.

3. For such other relief to which the Plaintiff may be entitled from this Court.

4. For a jury of twelve to try this cause.

Respectfully submitted,

**ROCKY McELHANEY LAW FIRM, PC**

/s/ Zachary C. Smith
**ROCKY MCELHANEY, #20205**
**ZACHARY C. SMITH, #36942**
475 Saundersville Road
Hendersonville, Tennessee 37075
Phone: (615) 425-2500
***ATTORNEYS FOR PLAINTIFF***

AUG 2 6 2020